UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CORY BRITTON CATES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:18-cv-144 SNLJ |
| | ) |
| TOP TRANSIT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; the party seeking removal thus has burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

1

The defendants' Notice of Removal (#1) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. Defendants state that plaintiffs are citizens of Missouri. The defendants are Carl Mashburn and an entity identified only as "Top Transit." It is not clear what form of organization Top Transit employs. Defendants state that defendant Carl Mashburn is a citizen of Tennessee. Then, defendants state that "Defendant is a company registered to do business in the State of Tennessee." (#1 at ¶ 8.) Presumably "defendant" refers to defendant "Top Transit," which plaintiffs allege "is a trucking business" with its "principal place of business in Loudon, Tennessee." (#5 at ¶2.) To the extent Top Transit is a corporation, it is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Neither plaintiff nor defendants allege where defendant Top Transit is incorporated. To the extent Top Transit is an unincorporated entity such as a limited liability company, it is a citizen of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

Because it is the defendants' burden in this case to establish subject matter jurisdiction, the Court will grant defendants twenty-one (21) days to file an amended notice of removal alleging facts showing the existence of the requisite diversity of citizenship of the parties. If defendant fails to timely and fully comply with this Order, the Court will remand this matter for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by July 6, 2018, defendants shall file an amended notice of removal which shall allege defendant's principal places of business.

**IT IS FURTHER ORDERED** that all other proceedings in this case are STAYED pending further order of this Court.

Dated this  15th   day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE